UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TONY FRANKINA,

                Plaintiff,

v.

SARAH SCHROEDER et al.,

                Defendants.
_____/

Case No. 2:25-cv-265

Honorable Paul L. Maloney

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint without prejudice for failure to state a claim.

**Discussion**

I.    **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at Ionia Correctional Facility in Ionia, Ionia County, Michigan.[1] The events about which he complains occurred at Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. In this action, Plaintiff sues the following MBP staff: Warden Sarah Schroeder, Corrections Officer (CO) Unknown Milnthorn, CO Unknown Bray, CO Unknown Party #1, CO Unknown Party #2, Sergeant Unknown Party #3, Sergeant Unknown Party #4, and CO Unknown Party #5. (Compl., ECF No. 1, PageID.3–4.) All Defendants are sued in their personal capacities. (*Id.*, PageID.5.)

Plaintiff alleges that he was assaulted by an inmate on November 10, 2024. (Compl., ECF No. 1, PageID.5.) The assault took place "out on the yard by one inmate, Montague."[2] (*Id.*) Then, Plaintiff claims that another prisoner, Mitchell, "had enough time and opportunity to join in on the assault and produce a weapon and stabbed Plaintiff fifteen times in the head and facial area." (*Id*). As a result of being stabbed, Plaintiff alleges he was "rushed to the hospital and receiv[ed] stitches." (*Id.*) Plaintiff "still to this day suffer[s] from migraine headaches, post-traumatic stress, and anxiety" resulting from the assault. (*Id.*, PageID.6.)

Plaintiff attributes the attack by the second prisoner, Mitchell, "to the lack of response from any correctional officers." (*Id.*, PageID.5.) Plaintiff claims that "[i]f corrections officers would have been diligent, the stabbing would not have occurred." (*Id.*) Further, Plaintiff claims that, "[i]f

---

[1] *See* https://mdocweb.state.mi.us/OTIS2/Search (enter "368746" for the "Offender Number" and select "Search") (last visited June 22, 2026).

[2] In this opinion, the Court corrects the punctuation, spelling, and abbreviations in quotations from Plaintiff's filings.

the observation tower corrections officer would have [taken] action, and the yard correctional officers would have been paying attention to the yard's close[d] circuit camera monitors, the second [prisoner], Mitchell, wouldn't have [had] the time to join in the confrontation." (*Id.*, PageID.5–6.)

Based on the foregoing allegations, Plaintiff avers that Defendants violated his rights under the Eighth Amendment to the United States Constitution. (*Id.*, PageID.6.) Plaintiff also claims that Defendants violated state law. (*Id.*, PageID.6–7.) Plaintiff seeks declaratory relief as well as monetary damages. (*Id.*, PageID.7–8.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Failure to Name Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4 in the Body of the Complaint

Plaintiff fails to allege sufficient facts showing how Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4 were personally involved in the alleged violations of his constitutional rights. (*See generally* Compl., ECF No. 1, PageID.5–7.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not

4

allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff does not name any individuals in the body of his complaint. (*See* Compl., ECF No. 1, PageID.5–7.) Plaintiff instead refers to "all correctional officers," "yard correctional officers," and "all defendants."[3] (*Id.*) The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011) (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). And, "[s]ummary reference to a single, five-headed 'Defendants' [or officers] does not support a reasonable inference that each Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). Plaintiff's references to "correctional officers" and "all defendants," (*see* Compl., ECF No. 1, PageID.5–7), are insufficient to show that Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, or Unknown Party #4 were personally involved in the alleged violations of Plaintiff's constitutional rights. And, Plaintiff's claims against these Defendants fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

---

[3] Plaintiff's complaint refers to an "observation tower corrections officer," (Compl., ECF No. 1, PageID.5), which corresponds to Plaintiff's description of Defendant Unknown Party #5, named as "John Doe #5, observation tower corrections officer" in his complaint. (*Id.*, PageID.4.) The Court will therefore construe allegations against the "observation tower corrections officer" in Plaintiff's complaint as allegations against Defendant Unknown Party #5 and will address those claims below in Section II.B.1.

5

Moreover, to the extent that Plaintiff seeks to hold Defendants Schroeder, Defendant Unknown Party #3, and Defendant Unknown Party #4 liable due to their supervisory positions, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendants Schroeder, Defendant Unknown Party #3, or Defendant Unknown Party #4 encouraged or condoned the conduct of their subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

Accordingly, for these reasons alone, Plaintiff's complaint against Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4 is subject to dismissal for failure to state a claim. Furthermore, Plaintiff's complaint suffers from additional defects, which the Court discusses below.

**B.      Eighth Amendment Failure to Protect Claims**

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833. A prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim; however, he must at least show that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety").

In order for a prisoner to state an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993). This standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or

7

safety." *Id.* at 837. Deliberate indifference is a higher standard than negligence and requires that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*; *see also Bishop v. Hackel*, 636 F.3d 757, 766–67 (6th Cir. 2011).

### 1.      Defendant Unknown Party #5

Plaintiff claims his Eighth Amendment rights were violated when he was stabbed due to a "lack of response from any correctional officers," following an inmate assault. (*See* Compl., ECF. 1, PageID.5.) While Plaintiff's claims are focused on "any correctional officers" and "all defendants," (*see id.*, PageID.5–6), Plaintiff does makes a specific claim against Defendant Unknown Party #5: "If the observation tower corrections officer [Defendant Unknown Party #5] would have [taken] action . . . the second [prisoner] Mitchell wouldn't have [had] the time to join in the confrontation." (*Id.*, PageID.6.) For the reasons detailed below, Plaintiff fails to state a claim against Defendant Unknown Party #5.

A constitutional violation may exist if injuries are caused "by another prisoner where officials simply stood by and permitted the attack to proceed." *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *see also Winfield v. Bass*, 106 F.3d 525, 532 (4th Cir. 1997) ("[O]fficials may be liable [under the Eighth Amendment] for completely failing to take *any* action to avert an attack by one prisoner on another.") However, "a prison officer's duty under the Eighth Amendment is to ensure 'reasonable safety,' which is a standard that incorporates due regard for a prison official's unenviable task of keeping dangerous men in safe custody under humane conditions." *Patmon v. Parker*, 3 F. App'x 337, 338 (6th Cir. 2001) (citing *Farmer*, 511 U.S. at 844–45). A defendant who acts reasonably cannot be found liable; the defendant must know and disregard the substantial risk of serious harm to the prisoner. *See Farmer*, 511 U.S. at 837.

Here, Plaintiff's allegations fail to show that Defendant Unknown Party #5 acted with deliberate indifference. In a conclusory assertion, Plaintiff claims that he would not have been assaulted by a second inmate and sustained serious injuries if Defendant Unknown Party #5 "would have [taken] action." (Compl., ECF No. 1, PageID.6.) The complaint neither describes the observation tower's potential view of the yard nor does it describe lengths of time from which to draw any conclusions about the lack of "action" or the timing of the assaults. Plaintiff alleges no facts asserting that Defendant Unknown Party #5 saw the fight with the first inmate and deliberately failed to respond, or that he disregarded a substantial risk of harm posed to Plaintiff. In short, Plaintiff appears to ask the Court to fabricate plausibility to his claims from mere ambiguity; however, ambiguity does not support a claim. Under these circumstances, Plaintiff fails to state an Eighth Amendment failure to protect claim against Defendant Unknown Party #5.

### 2. Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4

Plaintiff alleges that "[a]ll defendants violated Plaintiff's Eighth Amendment rights." (Compl., ECF No. 1, PageID.6.) Even if Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4 were not already subject to dismissal, *see supra* Section II.A, Plaintiff's complaint still fails to state a failure to protect claim against these defendants. Plaintiff summarily claims that "[i]f corrections officers would have been diligent, the stabbing would not have occurred." (Compl., ECF No. 1, PageID.5). Plaintiff later concludes that if "the yard correctional officers would have been paying attention to the yard's close[d] circuit camera monitors," he would not have been stabbed. (*Id.*, PageID.6.) However, Plaintiff's allegations suggest, at most, negligent action, but allegations of negligence do not state a claim for a constitutional violation. *Bishop*, 636 F.3d at 766–67.

Plaintiff fails to plead any facts to show that Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4 knew that Plaintiff was assaulted and that they consciously disregarded the risk of further harm by failing to intervene. For example, Plaintiff fails to allege any facts about the duration of time between the first inmate's assault and the second inmate's assault and whether the melee remained ongoing between these two events. The Court does not minimize Plaintiff's experience; however, Plaintiff fails to show that Defendants Schroeder, Milnthorn, Bray, Unknown Party #1, Unknown Party #2, Unknown Party #3, and Unknown Party #4 were deliberately indifferent. Therefore, Plaintiff's Eighth Amendment failure to protect claims against them will be dismissed for failure to state a claim.

### III.    State Law Claims

When setting forth his claims for relief, Plaintiff states that, "[a]ll defendants are liable to Plaintiff for [the] state law tort [of] gross negligence," and "for the state law tort of intentional infliction of emotional distress." (Compl., ECF No. 1, PageID.6–7).

As an initial matter, claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertion that Defendants violated state law fails to state a claim under § 1983.

Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however,

remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, Plaintiff's federal claims against all the Defendants will be dismissed, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants.

### **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:   June 23, 2026                                  /s/ Paul L. Maloney
                                                        Paul L. Maloney
                                                        United States District Judge

11